IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | Criminal No. 2016-CR-30 |
| v. ) | |
| ) | |
| THOMAS BITTER, ) | |
| Defendant. ) | |
| _____ ) | |

**PLEA AGREEMENT**

**1. PARTIES TO THE AGREEMENT**

This agreement is entered into by and between Defendant THOMAS BITTER and KIA D. SEARS Esq., attorney for THOMAS BITTER, and the United States Attorney for the District of the Virgin Islands. This agreement specifically excludes and does not bind any other territorial, state or federal agency, including the other United States Attorneys and the Internal Revenue Service, from asserting any civil, criminal or administrative claim against the defendant.

**2. TERMS**

The parties agree to the following terms:

a. Defendant will plead guilty to Count One of the Indictment. Count One charges a violation of Title 18, United States Code, Section 115(b)(4), which carries a statutory maximum sentence of not more than six (6) years of imprisonment, a maximum fine of $250,000, a maximum term of supervised release of three (3) years and a $100 special monetary assessment.

b. In Count 1 of the Indictment, the defendant acknowledges that the government can prove the following essential elements beyond a reasonable doubt:

Plea Agreement
United States v. Bitter
Criminal No. 2016-30
Page 2

1. The defendant threatened to assault, kidnap, or murder a law enforcement officer whose killing would be a crime under 18 U.S.C. § 1114.

2. With intent to retaliate against the law enforcement officer on account of the officer's performance of official duties.

c. Defendant is pleading guilty because defendant is in fact guilty of the charge contained in Count One of the Indictment. In pleading guilty, defendant acknowledges that should the case go to trial, the government could present evidence to support the charge beyond a reasonable doubt.

Between May and June 2016, defendant sent "AS", a federal law enforcement officer as defined in 18 U.S.C. § 1114, a series of e-mail threatening "AS" with assault. Defendant sent the e-mails to "AS" after "AS" approached defendant at his place of business and instructed the defendant to stop sending threatening e-mail to a federal judge in the Central District of California. Defendant sent the threatening e-mail in retaliation for "AS" performing his duties as a federal law enforcement officer.

d. Upon the District Court's adjudication of guilt of defendant for the violation of Title 18, United States Code, Section 115(b)(4), the United States Attorney for the District of the Virgin Islands agrees to seek the dismissal of any remaining counts at the time of the defendant's sentencing. Additionally, the United States Attorney for the District of the Virgin Islands will not file any further criminal charges against defendant arising out of the same transactions or occurrences to which the defendant has pled.

Plea Agreement
United States v. Bitter
Criminal No. 2016-30
Page 3

  e. Nothing in this agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this agreement.

  f. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nonetheless affirms that he wants to plead guilty regardless of any immigration consequences that his may entail, even if the consequence is his automatic removal from the United States.

### 3. RULE 11(c)(1)(C) BINDING AGREEMENT

  a. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the government and the defendant stipulate and agree that the defendant's offense level is 10 with a criminal history category II. The parties stipulate that the defendant agrees to be sentenced to time served with 2 years of supervised release with a condition of 8 months home confinement, mandatory mental health counseling, and pay immediately a $100 special assessment.

  b. The parties agree that this sentence is a reasonable sentence under the facts and circumstances of this case. If at sentencing the court fails to accept the stipulations of the parties, or imposes a sentence different from that agreed to by the parties, then either the defendant or the government has the right to withdraw from this Agreement and any guilty plea entered pursuant to this Agreement.

Plea Agreement
United States v. Bitter
Criminal No. 2016-30
Page 4

    c.    The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, the defendant knowingly waives the right to appeal any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined, on the grounds set forth in Title 18, United States Code, Section 3742(a) or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement. In addition, the defendant expressly waives the right to petition under Title 28, United States Code, Section 2255, with the exception of the claim of ineffective assistance of counsel. The defendant has discussed these rights with the defendant's attorney. The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily. This agreement does not affect the rights or obligations of the United States as set forth in Title 18, United States Code, Section 3742(b).

    d.    The United States reserves its right to allocute fully all information in its possession which it deems relevant.

4.

5. **VICTIM RESTITUTION**

Pursuant to U.S.S.G. § 5E1.1 and 18 U.S.C. § 3663A and all applicable statutes, the defendant shall make full restitution to the victim of his offense.

Plea Agreement
United States v. Bitter
Criminal No. 2016-30
Page 5

## CONCLUSION

There are no other agreements between the United States Attorney for the District of the Virgin Islands and the defendant. The defendant enters this agreement knowingly, voluntarily, and upon advice of counsel.

RONALD W. SHARPE
UNITED STATES ATTORNEY

Dated: 1/20/2017          By: _____
                              Christian A. Fisanick
                              Criminal Chief

Dated: 1/20/17                _____
                              Everard E. Potter
                              Assistant United States Attorney

Dated: 1/20/17                _____
                              Kia D. Sears, Esq.
                              Attorney for Defendant

Dated: 1/20/17                _____
                              Thomas Bitter
                              Defendant